MARGARET WINTERS, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF PIASA COMMUNITY UNIT SCHOOL DISTRICT NO. 9 OF MACOUPIN COUNTY, Defendant-Appellee.

Fourth District No. 15050

Opinion filed December 27, 1978.

Drach, Terrell & Deffenbaugh, P. C., of Springfield, for appellant.

Rammelkamp, Bradney, Hall & Dahman, of Jacksonville, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This appeal presents the question of whether a school nurse, the holder of a school service personnel certificate, can compel the school board to pay her on the same salary schedule as certified teachers.

Plaintiff is a school nurse employed by the defendant Board of Education of Piasa Community Unit School District No. 9 of Macoupin County (hereinafter Board). She was first employed by the School District in 1967. During the summer of 1976, plaintiff completed her bachelor's degree and was issued a school service personnel certificate pursuant to section 21—25 of The School Code which provides, in pertinent part:

> "A school service personnel certificate shall be issued to those applicants of good character, good health, a citizen of the United States and at least 19 years of age who have a Bachelor's degree with not fewer than 120 semester hours from a recognized institution of higher learning and who meets the requirements established by the State Superintendent of Education in consultation with the State Teacher Certification Board.
>
> Such certificate shall be endorsed with the area of Service as

determined by the State Superintendent of Education in consultation with the State Teacher Certification Board.

The holder of such certificate shall be entitled to all the rights and privileges granted holders of a valid teaching certificate." Ill. Rev. Stat. 1975, ch. 122, par. 21—25.

Plaintiff requested the Board place her on the teachers' salary schedule because of her certification. The Board rejected her request and approved a nurses' salary schedule. Plaintiff then filed a petition for writ of mandamus and complaint for declaratory judgment seeking to be placed on the teachers' salary schedule. The circuit court denied the requested relief.

Plaintiff contends that section 21—25 of The School Code entitles the holder of a school service personnel certificate to be paid the same salary as a certified teacher with similar experience and educational background. The Board has taken the position that the "rights and privileges" granted by section 21—25 refer to the benefits conferred by statute on teachers and does not include contractual agreements that exist between boards of education and teachers. We agree.

Section 21—25 affords the holder of a school service personnel certificate the statutory rights and privileges of certified teachers; the statute does not extend to contractual agreements entered into between a board of education and its certified teachers. Among the statutory rights and privileges afforded to both certified personnel and certified teachers is the requirement of a minimum salary. (Ill. Rev. Stat. 1975, ch. 122, pars. 24—1, 24—8.) Beyond the statutory minimum, classifications of salary schedules according to educational background and experience may be determined by the board of education at its discretion. Had the legislature intended that certified school service personnel, such as school nurses, be paid on the same salary schedule as certified teachers, it would have expressed its intent with more specificity.

The order of the circuit court is affirmed.

Affirmed.

REARDON, P. J., and MILLS, J., concur.